# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

| | |
|---|---|
| GREGORY MUSSELWHITE, individually and on behalf of other similarly situated employees,<br><br>        Plaintiff,<br><br>v.<br><br>WESTINGHOUSE ELECTRIC COMPANY, LLC, STONE & WEBSTER, INC., and STONE & WEBSTER SERVICES LLC.<br><br>        Defendants. | Civ. Action No. _____<br><br><br><br>Collective Action Pursuant to<br>29 U.S.C. § 216(b)<br><br><br><br>Jury Trial Demanded |

## ORIGINAL COMPLAINT

### SUMMARY

1.      Plaintiff Gregory Musselwhite and other workers like him were not paid overtime as required by the Fair Labor Standards Act (FLSA) for work they performed for Westinghouse Electric Company, LLC, Stone & Webster, Inc., and Stone & Webster Services, LLC (collectively "Stone & Webster").

2.      Instead, Musselwhite and other workers like him, were paid the same hourly rate for all hours worked, including those in excess of 40 in a workweek (or "straight time for overtime").

3.      Plaintiff brings this lawsuit to recover unpaid overtime wages and other damages owed under the FLSA (29 U.S.C. 29 U.S.C. § 201 *et. seq.*).

### JURISDICTION AND VENUE

4.      This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because this Action involves a federal question under the FLSA.

5.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants have their corporate headquarters in this District and Division, at 1000 Westinghouse Dr., Cranberry

Township, Pennsylvania 16066. Specifically, decisions relating to the pay practices, job duties, and classification of the workers took place at Defendants' Pennsylvania corporate headquarters. Additionally, corporate representatives, human resources witnesses, and other fact witnesses are located in and worked out of Defendants' Pennsylvania corporate headquarters.

## THE PARTIES

6.     While working for Stone & Webster, Musselwhite was paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in a single workweek) with no overtime compensation. His written consent is attached herein as Exhibit A.

7.     Musselwhite brings this Action on behalf of himself and other similarly situated workers who were paid "straight time for overtime" for work performed for Stone & Webster.

8.     The class of similarly situated employees sought to be certified as a collective action under the FLSA is defined as:

> **All individuals who worked for Westinghouse Electric Company, LLC, Stone & Webster, Inc., or Stone & Webster Services, LLC during the past three years who were paid the same hourly rate for all hours worked (including those hours in excess of 40 hours in single workweek), or, "straight time for overtime" (the "FLSA Class").**

9.     Plaintiff seeks conditional and final certification of this FLSA Class in this collective action under 29 U.S.C. § 216(b).

10.     Westinghouse Electric Company, LLC may be served with process by serving its registered agent, CT Corporation System, 600 N. 2nd St., Ste. 401, Dauphin County, Harrisburg, Pennsylvania 17101 or wherever it may be found.

11.     Stone & Webster, Inc., and Stone & Webster SVCS, LLC are subsidiaries of Westinghouse Electric Company, LLC and may be served with process by serving their registered agent, CT Corporation System, 600 N. 2nd St., Ste. 401, Dauphin County, Harrisburg, Pennsylvania 17101 or wherever they may be found.

## Coverage Under The FLSA

12.     At all times hereinafter mentioned, Stone & Webster was and is an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13.     At all times hereinafter mentioned, Stone & Webster was and is an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14.     At all times hereinafter mentioned, Stone & Webster was and is an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

15.     At all times hereinafter mentioned, Musselwhite and the FLSA Class Members were engaged in commerce or in the production of goods for commerce per 29 U.S.C. §§ 206-207.

## The Facts

16.     Stone & Webster provides nuclear engineering and consulting services. To provide services to its clients, Stone & Webster hires workers (like Musselwhite), staffs them to nuclear facilities, and pays the workers on an hourly basis.

17.     Musselwhite worked for Stone & Webster as an hourly employee in Louisiana, Texas and Oregon. Musselwhite worked for Stone & Webster from 2013 through April 2018.[1]

18.     Musselwhite was paid by the hour.

---

[1] To the extent some of Plaintiff's claims overlap with a time period discharged through bankruptcy proceedings, Plaintiff is not seeking to recover for such time.

19.     Musselwhite was a Source Inspector whose primary responsibility was to inspect the welds on pipes and electrical modules.

20.     Musselwhite reported the hours he worked to Stone & Webster on a regular basis.

21.     Musselwhite regularly worked more than 40 hours in a week.

22.     For example, in the two-week period ending on December 30, 2018, Musselwhite worked 92 hours but Stone & Webster only paid overtime for the hours worked over 88.

23.     Musselwhite was paid his hourly rate of $55.41/hour for all 84 hours.

24.     For those two weeks, Musselwhite is owed 4 hours of overtime.

25.     The hours Musselwhite worked are reflected in his payroll records and timesheets.

26.     Musselwhite was paid the same hourly rate for all hours worked, including those hours in excess of 40 hours in a single workweek.

27.     Musselwhite did not receive overtime for all hours worked in excess of 40 hours in a single workweek while working for Stone & Webster.

28.     Rather than receiving time and half as required by the FLSA, Musselwhite only received "straight time" pay for overtime hours worked and did not receive any compensation for the first 8 hours or overtime.

29.     This "straight time for overtime" payment scheme violates the FLSA.

30.     Stone & Webster was aware of the overtime requirements of the FLSA.

31.     Certain hourly employees, such as Musselwhite, nevertheless did not receive overtime while working for Stone & Webster.

32.     Very little skill, training, or initiative, in terms of independent business initiative, was required of Musselwhite to perform his job duties.

33.     Indeed, the daily and weekly activities of Musselwhite and members of the FLSA Class were routine and largely governed by standardized plans, procedures, and checklists created or mandated by Stone & Webster.

34.     Virtually every job function performed by Musselwhite and members of the FLSA Class was pre-determined by Stone & Webster and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties.

35.     Musselwhite and members of the FLSA Class were generally prohibited from varying their job duties outside of the pre-determined parameters.

36.     Musselwhite and members of the FLSA Class performed routine manual and technical job duties that were largely dictated by Stone & Webster.

37.     Musselwhite and members of the FLSA Class perform substantially similar job duties and are subjected to similar policies and procedures which dictate the day-to-day activities performed by each person.

38.     Musselwhite and members of the FLSA Class also worked similar hours and were denied overtime as a result of the same illegal pay practice.

39.     Musselwhite and members of the FLSA Class regularly worked in excess of 40 hours each week.

40.     Musselwhite and members of the FLSA Class were not paid on a salary basis while working for Stone & Webster.

41.     Musselwhite and members of the FLSA Class were paid "straight time for overtime" while working for Stone & Webster.

42.     Musselwhite and members of the FLSA Class were not paid overtime for hours worked in excess of 40 hours in a single workweek while working for Stone & Webster.

43.     Stone & Webster knew, or acted with reckless disregard for whether, Musselwhite and members of the FLSA Class were misclassified as exempt.

44.     The failure to pay overtime to these hourly workers was, and is, a willful violation of the FLSA because Musselwhite and the members of the FLSA Class were misclassified as exempt and denied overtime compensation.

## FLSA VIOLATIONS

45.     As set forth herein, Stone & Webster has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

46.     Stone & Webster knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. Stone & Webster's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

47.     Accordingly, Musselwhite and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

## COLLECTIVE ACTION ALLEGATIONS

48.     Musselwhite incorporates all previous paragraphs and alleges that the illegal pay practices Stone & Webster imposed on Musselwhite were likewise imposed on the Putative Class Members.

49.     Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

50.     Numerous other individuals who worked with Musselwhite indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

51.     Based on his experiences and tenure with Stone & Webster, Musselwhite is aware that Stone & Webster's illegal practices were imposed on the Putative Class Members.

52.     The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

53.     Stone & Webster's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

54.     Musselwhite's experiences are therefore typical of the experiences of the Putative Class Members.

55.     The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

56.     Musselwhite has no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Musselwhite has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

57.     A collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

58.     Absent this action, many Putative Class Members likely will not obtain redress of their injuries and Stone & Webster will reap the unjust benefits of violating the FLSA and applicable state labor laws.

59.     Furthermore, even if some of the Putative Class Members could afford individual litigation against Stone & Webster, it would be unduly burdensome to the judicial system.

60.     Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

61.     The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

a.     Whether Stone & Webster employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

b.     Whether Stone & Webster's straight time for overtime pay practice meets the salary-basis test;

c.     Whether Stone & Webster's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

d.     Whether Stone & Webster's violation of the FLSA was willful; and

e.     Whether Stone & Webster's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

62.     Musselwhite's claims are typical of the claims of the Putative Class Members. Musselwhite and the Putative Class Members sustained damages arising out of Stone & Webster's illegal and uniform employment policy.

63.     Musselwhite knows of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective or class action.

64.     Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective and class action treatment.

### JURY DEMAND

65.     Musselwhite demands a trial by jury.

8

**RELIEF SOUGHT**

66.     WHEREFORE, Musselwhite prays for judgment against Stone & Webster as follows:

a.      An Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

b.      For an Order pursuant to Section 16(b) of the FLSA finding Stone & Webster liable for unpaid back wages due to Musselwhite and the Putative Class Members for liquidated damages equal in amount to their unpaid compensation;

c.      For an Order awarding attorneys' fees, costs and pre- and post-judgment interest; and

d.      For an Order granting such other and further relief as may be necessary and appropriate.


                            Respectfully submitted,

                    By:     */s/ Michael A. Josephson*
                            **Michael A. Josephson**
                            PA ID: 308410
                            **Andrew Dunlap**
                            Texas State Bar No. 24078444
                            **Josephson Dunlap, LLP**
                            11 Greenway Plaza, Suite 3050
                            Houston, Texas 77046
                            713-352-1100 – Telephone
                            713-352-3300 – Facsimile
                            mjosephson@mybackwages.com
                            adunlap@mybackwages.com

                            **AND**

**Richard J. (Rex) Burch**
Texas State Bar No. 24001807
**Bruckner Burch PLLC**
8 Greenway Plaza, Suite 1500
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**AND**

Joshua P. Geist
PA. I.D. No. 85745
**GOODRICH & GEIST, P.C.**
3634 California Ave.
Pittsburgh, PA 15212
Tel: (412) 766-1455
Fax: (412)766-0300
josh@goodrichandgeist.com

**Attorneys in Charge for Plaintiff**